1 | Graham B. LippSmith (SBN 221984)
g@lippsmith.com
2 | MaryBeth LippSmith (SBN 223573)
mb@lippsmith.com
3 | Jaclyn L. Anderson (SBN 258609)
jla@lippsmith.com
4 | **LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
5 | Los Angeles, CA  90071
Tel: (213) 344-1820
6 | Fax: (213) 513-2495

7 | Attorneys for Plaintiff and the Putative Classes

8 | **IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9 |

10 | VYACHESLAV SHAUSMANOV, individually, and on behalf of all others similarly situated,

11 |

Plaintiff,

12 | v.

13 | TRADER JOE'S COMPANY, a California corporation,

14 |

Defendant.

Case No. 2:23-cv-00241

**CLASS ACTION COMPLAINT FOR:**
1) **VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE §§ 1750, ET SEQ.;**
2) **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* – UNLAWFUL BUSINESS PRACTICES;**
3) **VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.* – UNFAIR BUSINESS PRACTICES; AND**
4) **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

1

## CLASS ACTION COMPLAINT

2      Plaintiff Vyacheslav Shausmanov, individually and on behalf of the Classes

3  defined below, alleges the following against Defendant Trader Joe's Company

4  ("Trader Joe's"), based upon personal knowledge  with respect to himself and on

5  information and belief derived from, among other things, due investigation of

6  counsel and review of public documents as to all  other matters:

7                      ## NATURE OF THE CASE

8      1.      Trader Joe's sold dark chocolate candy bars that contain harmful

9  levels of lead and cadmium. These chocolate bars include the following: (1) Trader

10  Joe's Dark Chocolate 72% Cacao Belgian Chocolate Bars; and (2) Trader Joe's

11  The Dark Chocolate Lover's Chocolate 85% Cacao Chocolate Bar (collectively,

12  the "Chocolate Bars").

13      2.      Lead is known to be dangerous when consumed in any amount. "Even

14  small amounts of lead can cause serious health problems. Children younger than 6

15  years are especially vulnerable to lead poisoning, which can severely affect mental

16  and physical developments. At very high levels, lead poisoning can be fatal."[1]

17      3.      Cadmium is a similarly dangerous metal. "When eaten, large amounts

18  of cadmium can severely irritate the stomach and cause vomiting and diarrhea . . . .

19
_____

20  [1] Mayo Clinic, "Lead poisoning," https://www.mayoclinic.org/diseases-conditions/lead-poisoning/symptoms-causes/syc-20354717 (last visited Jan. 9, 2023).

21

Exposure to low levels of cadmium in air, food, water, and particularly in tobacco smoke over time may build up cadmium in the kidneys and cause kidney disease and fragile bones. Cadmium is considered a cancer-causing agent."[2]

4.    *Consumer Reports* discovered the presence of lead and cadmium in the Chocolate Bars through testing it recently reported.[3] Consumer Reports used California's Maximum Allowable Dose Level (MADLs) for lead (0.5 Micrograms) and cadmium (4.1mcg) as the base level in testing.[4]

5.    *Consumer Reports* found that the Trader Joe's 72% Cacao Dark Chocolate bars contained 192% of the MADL of lead, and the Trader Joe's The Dark Chocolate Lovers 85% Cacao bars contained 127% of the MADL of lead and 229% of the MADL of cadmium."[5]

6.    Trader Joe's did ***not*** disclose the presence of lead and cadmium in its Chocolate Bars on the packaging or elsewhere.

7.    Trader Joe's failed to disclose the presence of lead and cadmium, despite knowing that its Chocolate Bars contained those harmful metals.

---

[2] Center for Disease Control and Prevention: National Biomonitoring Program, "Cadmium," https://www.cdc.gov/biomonitoring/Cadmium_FactSheet.html#:~:text=Breathing%20high%20levels%20of%20cadmium,considered%20a%20cancer%2Dcausing%20agent (last visited Jan. 9, 2023).

[3] Kevin Loria, *Lead and Cadmium Could Be in Your Dark Chocolate*, CONSUMER REPORTS, (Dec. 15. 2022) https://www.consumerreports.org/health/food-safety/lead-and-cadmium-in-dark-chocolate-a8480295550/.

[4] *Id.*

[5] *Id.*

8.      The presence of lead and cadmium in the Chocolate Bars would be material to any reasonable consumer. Moreover, consumers rely on retailers and manufacturers like Trader Joe's to disclose such material facts because consumers are not in a position to test food products, like the Chocolate Bars, scientifically or to learn about the presence of such dangerous ingredients otherwise.

9.      Accordingly, Plaintiff, on behalf of himself and on behalf of a New Jersey state class and a nationwide class of other similarly situated individuals who also purchased and consumed the Chocolate Bars, brings this class action lawsuit seeking injunctive relief and to recover damages from Trader Joe's for violation of applicable California consumer protection statutes.

## **PARTIES**

10.      Plaintiff Vyacheslav Shausmanov ("Plaintiff") is a resident of Hudson County in the State of New Jersey. Plaintiff has regularly purchased the 72% Cacao Chocolate Bars from Trader Joe's since approximately 2008. Plaintiff usually frequents the Trader Joe's location in Paramus, New Jersey, as well as the stores in Clinton, New Jersey, and on 6th Avenue in New York. Plaintiff purchased and consumed between 1.5 and 2 pounds of the Chocolate Bars on a monthly basis.

11.      During these numerous purchases, Plaintiff often reviewed product packaging and observed in-store labeling or other information Trader Joe's posted on its products. The product packaging, other posted product information, and in-

store displays never disclosed that the 72% Cacao Chocolate Bars contain lead. Plaintiff thought that by purchasing the Chocolate Bars from Trader Joe's he was acquiring a healthier, high-quality product from a reliable, transparent company. Had Trader Joe's disclosed the presence of lead in the Chocolate Bars, Plaintiff would not have purchased any of the Chocolate Bars, or he would not have paid a premium for them. The 72% Cacao Chocolate Bars that Plaintiff received were worth less than the price he paid for them because of their lead levels. Plaintiff was injured and suffered economic loss because Trader Joe's failed to disclose the lead in the Chocolate Bars.

12.     Defendant Trader Joe's Company ("Trader Joe's") is a California corporation with its headquarters located in Los Angeles County in the city of Monrovia, California. Based on information and good faith belief, Trader Joe's contracts "directly with manufacturers" to "buy only products that are produced in FDA or USDA licensed and approved commercial manufacturing facilities that possess a variety of food safety certifications,"[6] maintaining control of the product ingredients, nutritional analysis, shelf-life data analysis, and manufacturing and distribution process.

---

[6] Trader Joe's, "Potential Vendor Requirements," https://www.traderjoes.com/home/contact-us/potential-vendor-requirement (last visited Jan. 9, 2023); https://www.traderjoes.com/home/FAQ/product-faqs (last visited Jan. 10, 2023).

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the conduct described in this Complaint was carried out in this district. Based on information and belief, such conduct includes key decisions related to product sourcing, importing, manufacturing, testing, labeling, data analysis, advertising, marketing, and selling of the Chocolate Bars.

15.    Based on information and belief, Trader Joe's was directly engaged in the business of product sourcing, importing, testing, labeling, data analysis, advertising, marketing, distributing, and selling the Chocolate Bars that are the subject of this Complaint throughout the United States at all relevant times.

16.    This Court has personal jurisdiction over Trader Joe's, as its principal place of business is in this judicial district, and the harmful conduct giving rise to this action occurred in the State of California. Trader Joe's has been afforded due process because it has, at all times relevant to this matter, individually or through

its agents, subsidiaries, officers and/or representatives, operated, conducted,

engaged in, and carried on a business venture in this State; committed a statutory

violation within this State related to the allegations made herein; and caused

injuries to Plaintiff and putative Class Members, which arose out of the acts and

omissions that occurred in the State of California, during the relevant time period.

## STATEMENT OF FACTS

17.     "Each year, millions of Americans suffer – and thousands die – from

foodborne illnesses. This is a preventable problem that is damaging to both

individuals and the economy[.]"[7]

18.     Thus, Plaintiff and other consumers are reasonable in their concerns

about the ingredients and safety of food products purchased from manufacturers

and distributors like Trader Joe's. In fact, consumers pay premiums for products

that are free from harmful ingredients, toxins, and metals.

19.     Plaintiff and other consumers must rely on product packaging,

labeling, and marketing to inform them about products they are purchasing because

they are not involved in the processes of manufacturing and testing those products.

///

---

[7] United States Department of Agriculture: National Institute of Food and Agriculture, "Food Safety," https://www.nifa.usda.gov/topics/food-safety#:~:text=Importance%20of%20Food%20Safety&text=Ongoing%20food%20safety%20improvements%2C%20in,healthcare%20system%20through%20improved%20public (last visited Jan. 9, 2023).

20.    Scientific testing for harmful metals in food products is expensive and not easily accessible for the ordinary consumer. It is reasonable for such consumers to assume that they would be warned about any harmful or dangerous ingredients or aspects of any food product by the manufacturer, or by anyone else with knowledge of those harmful ingredients.

21.    In addition, Trader Joe's claims to "strive to ensure that all of [its] Trader Joe's brand products are labeled with reliable, accurate, and easy to read ingredient statements."[8]

22.    Plaintiff and the putative Class Members relied on Trader Joe's packaging and other marketing for information related to the ingredients contained in the Chocolate Bars, and that information was material to their decision to purchase the Chocolate Bars.

23.    Trader Joe's failed to disclose the presence of lead and cadmium on the product packaging or elsewhere despite knowing that those harmful metals were in its Chocolate Bars.

24.    Based on information and good faith belief, Trader Joe's exercises and maintains control over its branded products, including its Chocolate Bars, through product sourcing, importing, quality control testing, labeling, data analysis, advertising, distribution, and sales. Based on information and belief,

_____

[8] https://www.traderjoes.com/home/FAQ/product-faqs (last visited Jan. 10, 2023).

CLASS ACTION COMPLAINT

Trader Joe's also receives Certificates of Analysis from ingredient suppliers that list each component or element of the sourced products, including the Chocolate Bars.

25.    Trader Joe's own testing and the information supplied by suppliers alerted, or should have alerted, Trader Joe's to the presence of lead and cadmium in its Chocolate Bars.

26.    Trader Joe's maintained exclusive knowledge about the presence of these harmful elements in the Chocolate Bars until *Consumer Reports* conducted the expensive scientific testing required to reveal the presence of lead and cadmium in the Chocolate Bars and reported that material information to the public.[9]

27.    In addition, Trader Joe's actively claims and states that its branded products "contain NO artificial flavors, artificial preservatives, MSG, added trans fats, dairy ingredients from rBST sources or genetically modified ingredients," and "contain colors derived only from naturally available products."[10]

///

---

[9] Kevin Loria, *Lead and Cadmium Could Be in Your Dark Chocolate*, CONSUMER REPORTS (Dec. 15. 2022), https://www.consumerreports.org/health/food-safety/lead-and-cadmium-in-dark-chocolate-a8480295550/.

[10] Trader Joe's, "Potential Vendor Requirements," https://www.traderjoes.com/home/contact-us/potential-vendor-requirement (last visited Jan. 9, 2023); *see also* https://www.traderjoes.com/home/FAQ/product-faqs (last visited Jan. 10, 2023).

CLASS ACTION COMPLAINT

28.    Plaintiff was aware that Trader Joe's made such claims about the quality and ingredients of its branded products as a result of his regular shopping at Trader Joe's and periodically observing advertising materials and labels over the course of approximately 14 years. Trader Joe's further states that "[a]t Trader Joe's, nothing is more important than the health and safety of our customers and Crew Members."[11] Plaintiff relied on his understanding of these claims about the quality of Trader Joe's products and their ingredients in trusting Trader Joe's to alert him of any potentially harmful or dangerous ingredients in Trader Joe's branded products, including the Chocolate Bars. Plaintiff was aware that Trader Joe's was marketing its chocolate imported from Belgium as the "finest in the world," and relied on these representations in making his decisions to purchase the Chocolate Bars.

29.    Trader Joe's listed only dark chocolate ingredients on its Chocolate Bar packaging, omitting the presence of lead and/or cadmium, so Plaintiff and putative Class Members were deceived and misled into believing they were purchasing Chocolate Bars free from such harmful metals. Plaintiff and putative Class Members relied on Trader Joe's marketing and labeling of the Chocolate Bars to their detriment.

///

---

[11] https://www.traderjoes.com/home/FAQ/product-faqs (last visited Jan. 10, 2023).

30.     Had Trader Joe's disclosed the presence of lead and cadmium in its Chocolate Bars, Plaintiff and putative Class Members would not have purchased the Chocolate Bars, would have paid less for the Chocolate Bars, and/or would have consumed less of the Chocolate Bars.

31.     Trader Joe's intentionally omitted lead and cadmium from the packaging and ingredient list for its Chocolate Bars. As a result, Plaintiff and putative Class Members purchased the Chocolate Bars, purchased the Chocolate Bars at the premium price Trader Joe's set, and purchased the number of Chocolate Bars that they did, having been deceived into believing that the Chocolate Bars were free of harmful metals like lead and cadmium.

32.     Plaintiff and putative Class Members have, therefore, suffered loss of money due to Trader Joe's material omissions.

## CLASS ALLEGATIONS

33.     Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this action as a class action on behalf of the Classes of persons defined as:

**New Jersey Class:** All New Jersey residents who purchased a Chocolate Bar during the Class Period.

**Nationwide Class:** All persons within the United States who purchased a Chocolate Bar during the Class Period.

///

CLASS ACTION COMPLAINT

34.     Excluded from the Classes are Trader Joe's and any entities in which it has a controlling interest, its agents and employees, any Judge to whom this action is assigned, any member of an assigned Judge's staff and immediate family, and any government entities.

35.     **Numerosity**. The Classes are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, based on publicly available information, that there are at least tens of thousands of Class Members in the Classes, making joinder impracticable. Purchase records are available through Trader Joe's records, and Class Members may be notified of the pendency of this action by recognized, Court-approved notice methods. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

36.     **Commonality**. Plaintiff and the Classes share many common questions of law and fact, including—but not limited to—the following:

  a. Whether Trader Joe's marketed and sold the Chocolate Bars as free of harmful and dangerous metals, such as lead and cadmium;

  b. Whether the Chocolate Bars contain lead and/or cadmium;

  c. Whether the presence of lead and cadmium in the Chocolate Bars posed a risk to public health and safety;

CLASS ACTION COMPLAINT

1    d. Whether the presence of lead and/or cadmium in the Chocolate

2     Bars was a material fact that Trader Joe's had a duty to disclose to

3     Plaintiff and Class Members;

4    e. Whether Trader Joe's withheld information from Plaintiff and

5     Class Members about the presence of lead and cadmium in its

6     Chocolate Bars;

7    f. Whether Trader Joe's is liable for violating the California

8     Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750

9     *et seq.*;

10    g. Whether Trader Joe's is liable for violating the California Unfair

11     Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et*

12     *seq.*;

13    h. Whether Trader Joe's was unjustly enriched by the acts and

14     omissions alleged herein;

15    i. Whether Plaintiff and the Classes are entitled to punitive damages;

16     and

17    j. Whether other, additional relief is appropriate and the nature of

18     such relief.

19 ///

20 ///

21

CLASS ACTION COMPLAINT

37.    **Typicality**. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of Trader Joe's conduct. Specifically, as a purchaser of the Trader Joe's 72% Cacao Chocolate Bar, Plaintiff asserts claims that are typical of each consumer who purchased Chocolate Bars from Trader Joe's that contained lead and/or cadmium.

38.    **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the proposed Classes.

39.    **Predominance Under Fed. R. Civ. P. 23(b)(3)**. Trader Joe's has engaged in a common course of conduct toward Plaintiff and the Classes. The common issues arising from this conduct that affect Plaintiff and the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

///

///

40.     **Superiority Under Fed. R. Civ. P. 23(b)(3)**. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Trader Joe's to comply with applicable law. The interest of individual Class Members in individually controlling the prosecution of separate claims against Trader Joe's is small because the damages in any individual action are small. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

41.     **Appropriateness of Final Injunctive Relief Under Fed. R. Civ. P. 23(b)(2)**. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Trader Joe's. Such individual actions would create a risk of adjudications that would be dispositive of the interests of other Class Members and would impair those interests. Trader Joe's has acted and/or refused to act on grounds generally applicable to the Classes, making final injunctive relief or corresponding declaratory relief appropriate.

///

CLASS ACTION COMPLAINT

42.    Injunctive relief is particularly necessary in this case because: (1) Plaintiff, the Classes, and the public should be able to trust the labeling on Trader Joe's products; (2) Plaintiff and putative Class Members may purchase Chocolate Bars in the future; (3) Trader Joe's has not announced any changes to its policies or business that would ensure that dangerous metals are not included in its manufactured products or would be listed on product labels if included as components of any product in the future; and (4) Plaintiff and the Classes do not have the ability to determine whether Trader Joe's intends to (a) establish protocols to ensure that harmful metals are not present in its products at levels higher than the MADL, or (b) continue to conceal material information about whether any of its chocolate products contain harmful metals. Indeed, Plaintiff and putative Class Members expect that, without injunctive relief, Trader Joe's will continue to sell products that contain material levels of lead and/or cadmium without informing the public.

## **CLAIMS FOR RELIEF**

**First Claim for Relief**
**Violations of the Consumers Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq.***
*(On Behalf of Plaintiff and the Classes)*

43.    Plaintiff individually and on behalf of the Classes realleges and incorporates by reference each and every allegation set forth above.

44.    The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*
("CLRA"), is a comprehensive statutory scheme liberally construed and applied to
protect consumers against unfair and deceptive business practices in connection
with the conduct of businesses providing goods, property, or services to consumers
primarily for personal, family, or household use.

45.    Trader Joe's Chocolate Bars constitute "goods" as defined in
California Civil Code §§ 1761(a)–(b).

46.    Plaintiff and the Class Members are "consumers" as defined in
California Civil Code § 1761(d), and they and Trader Joe's have engaged in a
"transaction" as defined in California Civil Code § 1761(e).

47.    Plaintiff, Class Members, and Trader Joe's are each a "person" as
defined in California Civil Code § 1761(c).

48.    As alleged herein, Trader Joe's made material omissions concerning
the ingredient contents of its Chocolate Bars by deciding to omit the presence of
lead and cadmium while it marketed its products as free of potentially harmful
ingredients like artificial flavors/preservatives, MSG, and added trans fats. Trader
Joe's made these material omissions while collecting premium prices from unwary
consumers, including Plaintiff and Class Members.

49.    Trader Joe's engaged in unfair or deceptive acts or practices in
violation of Civil Code § 1770. Specifically, Trader Joe's' acts, practices, and

omissions were intended to, and did result in, the sale of goods in violation of Civil Code § 1770. Trader Joe's violated the CLRA by:

      a.  Representing that its goods and services have characteristics, uses, benefits, or quantities that they do not have; and

      b.  Representing that its goods and services are of a particular standard, quality, or grade when they were not.

50. As alleged herein, Trader Joe's distributed, marketed, and advertised its Chocolate Bars while deliberately concealing material facts about those goods and their ingredients. These omissions were material because they were likely to deceive reasonable consumers into believing they were purchasing Chocolate Bars free of harmful metals like lead and cadmium. Plaintiff and putative Class Members had no way of unraveling Trader Joe's deception on their own, and they could not have known the truth about whether the Chocolate Bars contained lead and/or cadmium after purchase. Had Trader Joe's disclosed that its Chocolate Bars contain lead and/or cadmium, Plaintiff and Class Members would not have purchased them, would have purchased fewer of them, and/or would have paid less for them.

51. Trader Joe's owed Plaintiff and Class Members a duty to disclose that its Chocolate Bars contained lead and/or cadmium because Trader Joe's: (1) possessed exclusive knowledge about the ingredients in its Chocolate Bars, (2)

1  engaged in purchase transactions with Plaintiff and Class Members as "consumers"

2  of the Chocolate Bars, and (3) intentionally concealed the foregoing from Plaintiff

3  and Class Members.

4      52.    As a direct and proximate result of Trader Joe's violations of the

5  CLRA, Plaintiff and the Classes have suffered injury-in-fact and actual damages

6  resulting from the material omissions and misrepresentations. Plaintiff and Class

7  Members would not have purchased the Chocolate Bars, would have purchased

8  fewer Chocolate Bars, or would have paid less for the Chocolate Bars had Trader

9  Joe's disclosed that the Chocolate Bars contain high levels of lead and/or

10 cadmium. Trader Joe's knew that the Chocolate Bars contained these harmful and

11 dangerous elements because it is in control of all aspects of sourcing and

12 distributing its Chocolate Bars, including but not limited to the following: sourcing

13 the Chocolate Bars, product testing, labeling, advertising, marketing, and

14 distribution. Trader Joe's did not inform consumers that the Chocolate Bars

15 contained alarming levels of lead and/or cadmium, leaving consumers to fend for

16 themselves in discovering the problem.

17     53.    The facts Trader Joe's omitted and concealed from Plaintiff and Class

18 Members are material because a reasonable consumer would have considered them

19 important in deciding whether to purchase a Chocolate Bar and/or deciding how

20 much they were willing to pay for a Chocolate Bar.

21

CLASS ACTION COMPLAINT

54.    Plaintiff and the Classes seek only injunctive relief for this claim at this time. Plaintiff, however, has sent a demand letter to Trader Joe's via certified mail pursuant to the requirements of the CLRA, providing the notice required by Cal. Civ. Code § 1782(a). If Trader Joe's does not correct or otherwise rectify the harm Plaintiff has alleged in his letter or this Complaint within the statutorily required thirty-day period, Plaintiff will amend this Complaint to seek monetary damages against Trader Joe's pursuant to California Civil Code §§ 1781 and 1782.

55.    Plaintiff also seeks an order awarding costs and attorney's fees pursuant to California Civil Code § 1780(e).

**Second Claim for Relief**
**Violations of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Unlawful Business Practices**
*(On Behalf of Plaintiff and the Classes)*

56.    Plaintiff individually and on behalf of the Classes realleges and incorporates by reference each and every allegation set forth above.

57.    Plaintiff, Class Members, and Trader Joe's are each a "person" under Cal. Bus. & Prof. Code § 17201.

58.    California Business and Professions Code §§ 17201, *et seq.* prohibits acts of unfair competition, which includes unlawful business practices.

59.    Trader Joe's engaged in unlawful acts and practices by including alarming levels of lead and/or cadmium in its Chocolate Bars; by representing that

CLASS ACTION COMPLAINT

its goods and services have characteristics, uses, benefits, or quantities that they do not have in violation of Civil Code § 1770; and by representing that its goods and services are of a particular standard, quality, or grade when they were not, which violates California Civil Code § 1770.

60.    Trader Joe's unlawful acts and practices include violations of California Civil Code Sections 1770(a)(5) and (a)(7).

61.    Based on information and belief, Trader Joe's sourced and sold Chocolate Bars that contained alarming levels of lead and/or cadmium, did market and continues to market its products as free of potentially harmful ingredients, and has not developed or announced measures it will implement to prevent such harmful and deceitful practices in the future. Trader Joe's knew that its Chocolate Bars contained alarming levels of lead and/or cadmium, but it did not disclose those ingredients to Plaintiff and Class Members. Thus, Trader Joe's represented that its goods have characteristics, uses, benefits, or quantities that they do not have and represented that its goods are of a particular standard, quality, or grade when they were not, which violates California Civil Code Section 1770.

62.    Plaintiff and Class Members were reasonable to assume, and did assume, that Trader Joe's would take appropriate measures to keep the Chocolate Bars free from dangerous metals and/or inform the public about the presence of such metals in its Chocolate Bars. Trader Joe's was in sole possession of and had a

duty to disclose the material information that the Chocolate Bars contained alarming levels of lead and/or cadmium. Trader Joe's did not disclose at any time that its Chocolate Bars contained alarming levels of lead and/or cadmium.

63.    Trader Joe's knew that the Chocolate Bars contained the harmful and dangerous metals because it is in control of all aspects of sourcing and distributing its Chocolate Bars, including but not limited to the following: sourcing the Chocolate Bars, product testing, labeling, advertising, marketing, and distribution. Trader Joe's did not inform consumers that the Chocolate Bars contained alarming levels of lead and/or cadmium, leaving consumers to fend for themselves in discovering the problem. Trader Joe's actions in engaging in the herein-described unlawful practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Classes.

64.    Because Trader Joe's is in the business of sourcing, testing, labeling, and distributing food items such as the Chocolate Bars, and because Trader Joe's markets its branded products as free of harmful ingredients such as artificial flavors/preservatives, Plaintiff and Class Members relied on Trader Joe's to advise the public if its Chocolate Bars contained lead and/or cadmium.

65.    When purchasing Chocolate Bars, Plaintiff and Class Members relied upon Trader Joe's direct and indirect representations regarding the ingredients in its branded products, including its failure to alert consumers that its Chocolate Bars

CLASS ACTION COMPLAINT

1    contained harmful and dangerous metals.

2        66.    Had Trader Joe's disclosed that its Chocolate Bars contained alarming

3    levels of dangerous metals, Plaintiff and Class Members would not have purchased

4    the Chocolate Bars, would have purchased fewer Chocolate Bars, or would not

5    have paid as much for the Chocolate Bars.

6        67.    As a direct result of their reliance on Trader Joe's to be truthful and

7    forthcoming about the ingredients in its Chocolate Bars, Plaintiff and Class

8    Members purchased Chocolate Bars that contained alarming levels of lead and/or

9    cadmium, causing Plaintiff and Class Members to suffer damages.

10        68.    As a direct and proximate result of Trader Joe's unfair and unlawful

11    methods and practices of competition, Plaintiff and Class Members suffered actual

12    damages including, but not limited to the price they paid for the Chocolate Bars.

13        69.    As a direct and proximate result of their unlawful practices, Trader

14    Joe's has been unjustly enriched and should be required to make restitution to

15    Plaintiff and Class Members pursuant to §§ 17203 and 17204 of the California

16    Business & Professions Code, disgorgement of all profits accruing to Trader Joe's

17    because of its unfair business practices, declaratory relief, attorney's fees and costs

18    (pursuant to Cal. Code Civ. Proc. §1021.5), and injunctive or other equitable relief.

19    ///

20    ///

21

**Third Claim for Relief**
**Violations of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.* – Unfair Business Practices**
*(On Behalf of Plaintiff and the Classes)*

70.    Plaintiff individually and on behalf of the Classes realleges and incorporates by reference each and every allegation set forth above.

71.    Trader Joe's engaged in unfair business practices by marketing its branded products as free of potentially harmful ingredients such as artificial flavors/preservatives; by sourcing Chocolate Bars that contained alarming levels of lead and/or cadmium; by failing to include these harmful metals in the ingredient list or other placement in the labeling for the Chocolate Bars; by failing to otherwise inform the public that its Chocolate Bars contained alarming levels of the harmful metals; and by soliciting and collecting monies from Plaintiff and Class Members with knowledge that it was concealing the material fact of the presence of dangerous metals at alarming levels in the Chocolate Bars.

72.    Plaintiff and Class Members were entitled to assume, and did assume, that Trader Joe's would take appropriate measures to keep the Chocolate Bars free of harmful metal ingredients and/or inform consumers about the presence of the metals in the Chocolate Bars. Trader Joe's was in sole possession of and had a duty to disclose the material information that the Chocolate Bars contained lead and/or cadmium. Trader Joe's did not disclose at any time that the Chocolate Bars

1  contained lead and/or cadmium.

2       73.    The unfair acts and practices described above were immoral, unethical,

3  oppressive, unscrupulous, unconscionable, and/or substantially injurious to

4  Plaintiff and Class Members. These unfair acts and practices were also likely to

5  deceive the public into believing they were purchasing Chocolate Bars free of

6  harmful ingredients like lead and/or cadmium when they were not. The harm these

7  practices caused to Plaintiff and the Classes outweighed their utility, if any.

8       74.    Trader Joe's knew that the Chocolate Bars contained harmful and

9  dangerous elements because it is in control of all aspects of sourcing and

10 distributing its Chocolate Bars, including but not limited to the following: sourcing

11 the Chocolate Bars, product testing, labeling, advertising, marketing, and

12 distribution. Trader Joe's did not inform consumers that the Chocolate Bars

13 contained alarming levels of lead and/or cadmium, leaving consumers to fend for

14 themselves in discovering the problem. Trader Joe's actions in engaging in the

15 herein-described unlawful practices and acts were negligent, knowing and willful,

16 and/or wanton and reckless with respect to the rights of the Classes.

17      75.    Because Trader Joe's is in the business of sourcing, testing, labeling,

18 and distributing food items such as the Chocolate Bars, and because Trader Joe's

19 markets its branded products as free of harmful ingredients such as artificial

20 flavors/preservatives, Plaintiff and Class Members relied on Trader Joe's to advise

21

1    them and the public if its Chocolate Bars contained lead and/or cadmium.

2         76.    When purchasing the Chocolate Bars, Plaintiff and Class Members

3    relied upon direct and indirect representations from Trader Joe's regarding the

4    ingredients in its branded products, including its failure to alert consumers that its

5    Chocolate Bars contained harmful and dangerous metals.

6         77.    Had Trader Joe's disclosed that its Chocolate Bars contained alarming

7    levels of dangerous metals, Plaintiff and Class Members would not have purchased

8    the Chocolate Bars, would have purchased fewer Chocolate Bars, or would not

9    have paid as much for the Chocolate Bars.

10        78.    As a direct and proximate result of Trader Joe's unfair and unlawful

11   methods and practices of competition, Plaintiff and Class Members suffered actual

12   damages including, but not limited to the price they paid for the Chocolate Bars.

13        79.    Plaintiff and Class Members seek relief under California Business and

14   Professional Code Section 17200, *et. seq.*, including, but not limited to, restitution

15   to Plaintiff and the Class Members of money that Trader Joe's acquired by means

16   of its unfair business practices, disgorgement of all profits accruing to Trader Joe's

17   because of its unfair business practices, declaratory relief, attorney's fees and costs

18   (pursuant to California Code of Civil Procedure Section 1021.5), and injunctive or

19   other equitable relief.

20   ///

21

**Fourth Claim for Relief**
**Unjust Enrichment**
*(On Behalf of Plaintiff and the Classes)*

80.   Plaintiff individually and on behalf of the Classes realleges and incorporates by reference each and every allegation set forth above.

81.   Trader Joe's received the benefit of premium sale prices of its Chocolate Bars.

82.   Trader Joe's directly or indirectly operated to deceive the public to collect these premium sale prices for its own business purposes. Trader Joe's knowingly and intentionally engaged in these deceptive practices.

83.   Trader Joe's engaged in deceitful practices, withholding the fact that its Chocolate Bars contained harmful metals while marketing its branded products as free of harmful components like artificial flavors and preservatives.

84.   Plaintiff and Class Members suffered ascertainable losses and actual damages as a direct and proximate result of Trader Joe's concealment, misrepresentations, and/or failure to disclose material information.

85.   Trader Joe's has knowledge of said benefits received at Plaintiff's and Class Members' expense.

86.   Trader Joe's engaged in unfair business practices by marketing its branded products as free of potentially harmful ingredients such as artificial flavors/preservatives; by sourcing Chocolate Bars that contained alarming levels of

CLASS ACTION COMPLAINT

lead and/or cadmium; by failing to include these harmful metals in the ingredient list or other placement in the labeling for the Chocolate Bars; by failing to otherwise inform the public that its Chocolate Bars contained alarming levels of the harmful metals; and by soliciting and collecting monies from Plaintiff and Class Members with knowledge that it was concealing the material fact of the presence of dangerous metals at alarming levels in the Chocolate Bars.

87.    Plaintiff and Class Members were entitled to assume, and did assume, that Trader Joe's would take appropriate measures to keep the Chocolate Bars free of harmful metal ingredients and/or inform consumers about the presence of the metals in the Chocolate Bars. Trader Joe's was in sole possession of and had a duty to disclose the material information that the Chocolate Bars contained lead and/or cadmium. Trader Joe's did not disclose at any time that the Chocolate Bars contained lead and/or cadmium.

88.    The unfair acts and practices described above were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class Members. These unfair acts and practices were also likely to deceive the public into believing they were purchasing Chocolate Bars free of harmful ingredients like lead and/or cadmium when they were not. The harm these practices caused to Plaintiff and the Classes outweighed their utility, if any.

///

CLASS ACTION COMPLAINT

89.    Trader Joe's knew that the Chocolate Bars contained harmful and dangerous metals because it is in control of all aspects of sourcing and distributing its Chocolate Bars, including but not limited to the following: sourcing the Chocolate Bars, product testing, labeling, advertising, marketing, and distribution. Trader Joe's did not inform consumers that the Chocolate Bars contained alarming levels of lead and/or cadmium, leaving consumers to fend for themselves in discovering the problem. Trader Joe's actions in engaging in the herein-described unfair practices and acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Classes.

90.    It is inequitable for Trader Joe's to retain the benefits conferred by Plaintiff and Class Members in purchasing the Chocolate Bars.

91.    As a direct and proximate result of Trader Joe's unjust enrichment, Plaintiff and Class Members are entitled to restitution, restitutionary disgorgement, and damages, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Classes, respectfully requests that the Court enter judgment that:

A.    Certifies the Classes requested, appoints the Plaintiff as Class Representative, and appoints his Counsel as Class Counsel;

///

CLASS ACTION COMPLAINT

B.      Awards Plaintiff and Class Members appropriate monetary relief, including actual and statutory damages, restitution, and disgorgement;

C.      Enters an injunction against Trader Joe's deceptive trade practices, including a requirement that Trader Joe's implement measures to ensure complete disclosure of all food product ingredients for its branded products;

D.      Awards Plaintiff and the Classes pre- and post-judgment interest, reasonable attorney's fees, costs, and expenses as allowable by law; and

E.      Awards such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 12th day of January, 2023.

Respectfully submitted,

**LIPPSMITH LLP**

By:   */s/ Graham B. LippSmith*
       GRAHAM B. LIPPSMITH
       MARYBETH LIPPSMITH
       JACLYN L. ANDERSON

***Attorneys for Plaintiff and the Putative Classes***

CLASS ACTION COMPLAINT